Approved:  _____
           JEFFREY C. COFFMAN
           Assistant United States Attorney

Before:    THE HONORABLE JUDITH C. McCARTHY
           United States Magistrate Judge
           Southern District of New York

- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                    20 mag 1761

                                            **COMPLAINT**
        - v. -
                                            Violations of 18
                                            U.S.C. §§ 1951 and
ANDRE F. McGRIFF,                           924(c)(1)(A)(ii).

                                            COUNTY OF OFFENSE:
               Defendant.                   ORANGE

- - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

        DANIEL B. ROSPERT, being duly sworn, deposes and says that he is a special agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE
(Hobbs Act Robbery)

        1.  On or about February 5, 2020, in the Southern District of New York, ANDRE F. McGRIFF, the defendant, unlawfully and knowingly did commit robbery, as that term is defined in Title 18, United States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect commerce and the movement of articles and commodities in commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, McGRIFF robbed a gas station located in and around the Town of Newburgh, New York.

        (Title 18, United States Code, Section 1951.)

COUNT TWO
(Brandishing a Firearm in Furtherance of a Crime of Violence)

        2.  On or about February 5, 2020, in the Southern District of New York, ANDRE F. McGRIFF, the defendant, during and in relation to a crime of violence for which he may be prosecuted in

a court of the United States, namely, the offense charged in Count One of this Complaint, knowingly did use, carry, possess, and brandish a firearm.

(Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2.)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

3. I am a Special Agent with the FBI, currently assigned to the Hudson Valley Safe Streets Task Force, and have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, my conversations with law enforcement officers, witnesses and others, as well as my examination of reports and records. Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

4. Based on my participation in this investigation, and my conversations with and review of reports of officers of the Town of Newburgh, New York, Police Department ("TNPD") and New Windsor, New York, Police Department ("NWPD"), involved in the investigation, I have learned, among other things, the following:

    a. On or about February 5, 2020, at approximately 1:27 a.m., TNPD officers responded to a report of a robbery that had just occurred at a gas station in the Town of Newburgh.

    b. A TNPD Officer interviewed the gas station's convenience store ("Store-1") clerk ("Victim-1"), who reported the following, among other things, in sum and substance:

        i. A black male wearing black clothing and a black mask had entered Store-1, displayed a black handgun, and ordered Victim-1 behind the counter.

        ii. The man ordered Victim-1 to open the New York Lottery ("NYL") register and place the money into an orange bag that the man had brought with him. Victim-1 did so, placing approximately $70 cash into the man's orange bag.

2

    iii. The man then ordered Victim-1 to open the store cash register. Victim-1 did so, placing approximately $700 cash into the man's orange bag.

    iv. The man then ordered Victim-1 to open a safe in Store-1's office. After Victim-1 indicated that he could not open the safe, the man told Victim-1 he would shoot Victim-1 if he did not open the safe. After Victim-1 again indicated that he could not open the safe, the man ordered Victim-1 to lay down in the store's office. Before the man left Store-1, Victim-1 heard the man take NYL tickets.

  c. Video from Store-1's surveillance system at the time of the robbery depicts a black male wearing a dark hoodie with the hood up, and a black mask, enter Store-1 at approximately 1:23 a.m. The man's sweatpants bore a white logo on the upper left leg. Hanging slightly below the man's sweatshirt, a white t-shirt is visible. The t-shirt is partially torn on the defendant's right, rear side. The man brandished a black semi-automatic handgun, ordered Victim-1 behind the counter, and engaged in the other conduct reported by Victim-1 and set forth above.

  d. A subsequent inventory check of Store-1's NYL tickets showed that the man took approximately 19 NYL scratch-off tickets. A TNPD officer provided the associated NYL ticket numbers to the NYL. An investigator with the New York State Gaming Commission, Division of the Lottery, subsequently reported to the TNPD officer that NYL tickets bearing some of these numbers had been scanned on February 5, 2020, at approximately 9:15 p.m., at another store in the Town of Newburgh ("Store-2").

  e. Law enforcement officers obtained video from Store-2's surveillance system depicting the interior of Store-2 at approximately 9:15 p.m. on February 5, 2020. That video depicts a black male wearing a black sweatshirt and black sweatpants. The man is seen scanning tickets in a NYL machine. The man's sweatpants bear a white logo on the upper left leg, consistent with the sweatpants depicted in the Store-1 video from the time of the robbery. Hanging slightly below the man's sweatshirt, a white t-shirt is visible. The t-shirt is partially torn, on the defendant's right, rear side, consistent with the t-shirt depicted in the Store-1 video from the time of the robbery. A NWPD detective who has viewed this video identified the man as ANDRE F. McGRIFF, the defendant, based upon prior police interactions.

  f. On February 14, 2020, at approximately 1:00 a.m., a City of Newburgh Police Department ("CNPD") officer in a marked

3

police car conducted a traffic stop of a gray 2014 Acura RDX (the "RDX") registered to ANDRE F. McGRIFF, the defendant, and occupied only by a black male driver. The driver pulled the RDX over. CNPD officer approached the car and spoke briefly with the driver. A TNPD officer, who was also present, identified the driver as McGRIFF, based upon a prior arrest photograph. After a brief interaction, McGRIFF abruptly accelerated the RDX, hitting a CNPD officer with the RDX's door, which was open. McGRIFF then sped off. Law enforcement officers pursued McGRIFF in their own cars, but lost sight of the RDX.

       g. A short time later, a law enforcement officer observed ANDRE F. McGRIFF, the defendant, walking alongside Route 9W in the Town of New Windsor, a few miles from where the RDX had been stopped. Law enforcement officers took McGRIFF into custody.

       h. A short time later, a law enforcement officer located the RDX approximately one half-mile away from the location at which ANDRE F. McGRIFF, the defendant, had been apprehended. The RDX was in a ravine, and had sustained body damage. A NWPD detective observed that it contained an orange bag and a firearm magazine, which appeared to be loaded with ammunition.

    5. Following the arrest of ANDRE F. McGRIFF, the defendant, on or about February 14, 2020, TNPD officers interviewed McGRIFF. The interview was video-recorded. I observed the interview in real time. After waiving his *Miranda* rights and agreeing to speak with the TNPD officers, among other things, McGRIFF stated, in sum and substance, that he was the man depicted in the February 5, 2020 video from Store-2's surveillance system.

WHEREFORE, deponent respectfully requests that ANDRE F. McGRIFF, the defendant, be imprisoned or bailed, as the case may be.

                                  Special Agent Daniel B. Rospert
                                  Federal Bureau of Investigation

Sworn to before me this
14th day of February, 2020

_____
THE HONORABLE ~~LISA~~ McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK
           JUDITH